IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3175-FL

FILED
MAY 04 2011
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

| | |
|---|---|
| WILLIE WORLEY JR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DANNY STANLEY, et al., ) | |
| ) | |
| Defendants. ) | |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. The action is before the court on plaintiff's motion for summary judgment (DE # 41), filed on February 25, 2011. In this posture, the matter is ripe for adjudication.

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

In his motion, plaintiff makes the bare allegation that he is entitled to summary judgment on his claims. Plaintiff, however, does not present any reasoning or evidence to support his conclusory allegation that he is entitled to summary judgment. Accordingly, plaintiff has not met his burden of demonstrating an absence of genuine issue of material fact. Celotex Corp., 477 U.S. at 323. Therefore, plaintiff's motion for summary judgment (DE # 41) is DENIED.

SO ORDERED, this the 30th day of April, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

2