IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3175-FL

| | | |
|---|---|---|
| WILLIE WORLEY JR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DANNY STANLEY; ROBERT T. MAY;[1] AND DANNY PEARCE[2], | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. The matter comes before the court on the motion for summary judgment (DE # 45) pursuant to Federal Rule of Civil Procedure 56 filed by defendants Danny Stanley ("Stanley"), Robert T. May ("May"), and Danny Pearce ("Pearce"), to which plaintiff responded. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants defendants' motion for summary judgment.

## STATEMENT OF THE CASE

Plaintiff filed this action on October 29, 2009. Plaintiff's cause of action arose while he was an inmate at Franklin Correctional Center ("Franklin") and employed by the Bunn Sign Plant ("the sign plant"). Plaintiff alleges Correctional Enterprise Manager Stanley and Correctional Enterprise Assistant Manager May violated his constitutional rights by creating an unsafe work environment

---

[1] Plaintiff referred to this defendant as Tommy May, but this defendant notified the court that his name is Robert T. May. The court hereinafter will refer to this defendant as Robert T. May.

[2] Plaintiff referred to this defendant as Danny Pearson, but this defendant notified the court that his name is Danny Pearce. The court hereinafter will refer to this defendant as Danny Pearce.

when they required him to do the work of two inmates, causing him to suffer an injury to his wrist. The court subsequently allowed plaintiff to amend his complaint to include a claim against Correctional Enterprise Supervisor Pearce. Plaintiff alleged Pearce was responsible for initiating and enforcing hazardous and unsafe conditions.

On May 12, 2011, May, Pearce, and Stanley filed a motion for summary judgment arguing plaintiff failed to state a § 1983 claim because plaintiff's constitutional rights were not violated. Alternatively, defendants argue that they are entitled to qualified immunity. The motion was fully briefed.

## STATEMENT OF THE FACTS

The facts seen in the light most favorable to plaintiff are as follows. Plaintiff began working at the sign plant on May 4, 2009, and participated in training conducted by his supervisor, Pearce. Id. ¶¶ 3, 5, 6. In particular, plaintiff was provided specific training on the sign plaint's safety procedures and practices. Id. ¶ 6. Plaintiff also was trained on how to carry metal and operate the equipment, including the shearing machine.[3] Id.

On June 3, 2009, plaintiff was assigned to work with inmate Timothy Harden ("Harden") on the large shear at the sign plant. Id. ¶ 8. At some point, Pearce noticed plaintiff having difficulty carrying a metal sheet and instructed plaintiff to obtain assistance from fellow inmates Harden or Damen Vega ("Vega"). Id. Pearce states inmates Harden and Vega then offered to assist plaintiff, but plaintiff refused assistance. Id.

Plaintiff, however, disputes Pearce's recitation of the facts. Instead, plaintiff states that,

---

[3] The court notes plaintiff signed an acknowledgment that he received training in operating the sign plant's equipment and in safety procedures. Id. ¶ 6, Ex. A.

Stanley submitted a rush order for a sign eight minutes prior to his injury. Pearce in turn instructed inmate Harding to cut the metal, plaintiff to carry the metal, and inmate Vega to position the metal. Plaintiff states he then carried a piece of metal forty-eight (48) inches wide and one hundred thirty-eight (138) inches long. Plaintiff alleges the flimsy piece of metal bounced out of his hand and cut his wrist, resulting in serious injuries to his wrist.

## DISCUSSION

A.   Motion for Summary Judgment

1.   Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

2.   Analysis

a.   Supervisor Liability

There is no liability based upon the theory of *respondeat superior* under § 1983. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009); Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978). Instead, "liability will only lie where it is affirmatively shown that the official charged

3

acted personally in the deprivation of the plaintiff's rights." Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1997) (quotation and citation omitted). A supervisor, however, may be held liable pursuant to § 1983, absent personal involvement, if a subordinate acts pursuant to official policy or custom. See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Likewise, a supervisor may be held liable for the actions of a subordinate pursuant to § 1983 if:

> (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff;
>
> (2) the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and
>
> (3) there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw, 13 F.3d at 799 (quotations omitted). A supervisor is deliberately indifferent where the misconduct of the subordinate is "widespread, or at least been used on several different occasions," id., and the supervisor continuously fails to act to correct the behavior in the face of "documented widespread abuses." Randall v. Prince George's County, Md., 302 F.3d 188, 206 (4th Cir. 2002).

Here, plaintiff does not allege that May or Stanley personally acted to violate his constitutional rights. Plaintiff instead bases his claim against these defendants on his conclusory allegation that they created hazardous working conditions and required him to perform the work of two inmates. In an attempt to demonstrate his allegations of widespread disregard for safety, plaintiff attached statements from other inmates who were injured due to alleged insufficient safety

4

standards.[4] See DE #s 19, 20, 21, 22. However, the other inmates' accidents are not similar in nature to plaintiff's accident. Furthermore, the additional incidents occurred subsequent to plaintiff's accident. Thus, the statements do not provide evidentiary support for plaintiff's assertion that May and Stanley facilitated or knew about widespread safety violations or hazardous work conditions prior to his accident.[5]

Based upon the foregoing, plaintiff has not alleged any facts, other than conclusory allegations, to demonstrate that May or Stanley had actual or constructive knowledge of any unreasonable risk. Nor has plaintiff demonstrated any causal link between any action or inaction on behalf of May or Stanley and plaintiff's injury. Accordingly, plaintiff does not allege facts to state how Stanley or May violated his constitutional rights. Rather, plaintiff's claim against these defendants appears to be based inappropriately upon a theory of vicarious liability. Thus, the motion for summary judgment filed by Stanley and May is GRANTED.

      b.     Deliberate Indifference Against Pearce

The remaining defendant, Pearce, asserts the defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity protects government officials "where the law is unsettled or murky." Rogers v. Pendleton, 249 F.3d 279, 286 (4th Cir.

---

[4] Plaintiff submits affidavits from other inmates describing other work-related accidents at the sign plant. See DE #s 19-22. However, none of the other accidents involved carrying large pieces of metal, such as the instant action.

[5] The court notes that plaintiff submitted the affidavit of his co-worker Vega in which Vega states that, subsequent to plaintiff's accident, supervisors instructed workers that two workers must carry metal to the shear. Compl. attach. This statement refutes plaintiff's contention of supervisor disregard for inmate safety in that it demonstrates that the supervisory staff took corrective action when confronted with a known risk.

2001). The test is whether the act was clearly forbidden, not whether in hindsight the action was wrongful. See id. at 286. The Fourth Circuit has recognized a two-pronged qualified immunity inquiry:

> First, we must decide whether a constitutional right would have been violated on the facts alleged. Next, assuming that the violation of the right is established, courts must consider whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right.

Bailey v. Kennedy, 349 F.3d 731, 739 (4th Cir. 2003) (internal quotations omitted). With respect to the second step, "[t]he relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was lawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001), receded from by, Pearce v. Callahan, 555 U.S. 223 (2009). A court has discretion to decide which step of the two-pronged test to analyze first. Pearce, 555 U.S. at 242.

The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement and to "take reasonable measure to guarantee the safety of inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quotation omitted). In order to establish an Eighth Amendment violation relating to conditions of confinement, a prisoner must establish both (1) "a serious deprivation of a basic human need" and (2) "deliberate indifference to a prison condition on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). Additionally, the inmate must "produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." Id. at 1381.

In Farmer, the Supreme Court held that "deliberate indifference" refers to the prison official's subjective state of mind, requiring proof that the prison "official knows of and disregards an

excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. at 842. A showing of mere negligence does not qualify as deliberate indifference. See Davidson v. Cannon, 474 U.S. 344, 347 (1986); Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999).

Although plaintiff has plead a sufficiently serious injury, he failed to allege sufficient facts to establish that Pearce exhibited deliberate indifference to his safety at the sign plant. For instance, there is no evidence that Pearce ordered plaintiff to perform the work of two inmates or ignored hazardous work conditions. Although plaintiff does generally allege that inmates would be punished if they refused to quicky execute rush orders, there is no evidence that Pearce threatened plaintiff or that he ordered or forced plaintiff to carry the metal piece without assistance. Instead, the evidence reflects that the sign plant officials were concerned with safety because they trained plaintiff on safety procedures and the proper manner to operate the equipment at the sign plant. Accordingly, the evidence in the record does not reflect that Pearce, or any other defendant, knew of any safety risk to plaintiff and disregarded that risk. At most, Pearce's role in the incident could be construed as negligence, which is not actionable pursuant to § 1983. Davidson, 474 U.S. at 347. Because there is no constitutional violation, Pearce is entitled to qualified immunity. Thus, Pearce's motion for summary judgment is GRANTED.

7

B.  Retaliation Claim

Plaintiff filed a declaration on February 18, 2011, alleging a retaliation claim against officers Hayes and Spivy arising out of events at Columbus Correctional Institution on February 15, 2011. Hayes and Spivy are not parties to this action, and plaintiff has not moved the court to amend his complaint pursuant to Federal Rule of Civil Procedure 15 to include this new claim. The court's case management order specifically states that any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by February 14, 2011. Because plaintiff did not formally seek to amend his complaint and because he filed his amended pleading subsequent to the deadline for such action specified in the court's case management order, the court declines to consider plaintiff's amended pleading.

The court further notes that, even if the court allowed plaintiff the opportunity to amend his complaint to include his retaliation claim, such a claim would be dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) of the Prisoner Litigation Reform Act. Woodford v. Ngo, 548 U.S. 81, 83-85 (2006) (The PLRA requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement); see Jones v. Bock, 549 U.S. 199, 216 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). Here, the incident at issue occurred on February 15, 2011, and plaintiff filed his declaration asserting his retaliation claim on February 18, 2011. Accordingly, plaintiff did not have sufficient time complete the North Carolina Department of Correction's three step administrative remedy procedure.

Finally, even if he had exhausted his administrative remedies prior to filing his declaration

8

asserting his new claim, the court would have denied his motion pursuant to Federal Rule of Civil Procedure 20. Rule 20(a)(2) provides that persons may be joined in one action as defendants if, first, any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and second, any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a). In this case, plaintiff's new claim arises out of his incarceration at Columbus Correctional Institution and is against new defendants Hayes and Spivey. Because the new claim arose at a separate institution and involves new defendants, it is not sufficiently related to satisfy Rule 20(a). See Green v. Beck, No. 5:10-CT-3003-D (E.D.N.C. Feb. 14, 2011), dismissed, 2011 WL 2144292 (4th Cir. June 1, 2011).

## CONCLUSION

For the foregoing reasons, defendants' motions for summary judgment (DE # 45) is GRANTED. Plaintiff's retaliation claim is DISMISSED without prejudice.

SO ORDERED, this the 3rd day of January, 2012.

LOUISE W. FLANAGAN
United States District Judge